**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| MARKIA SIMS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 5:17-cv-00947-SL |
| | ) | |
| vs. | ) | JUDGE LIOI |
| | ) | |
| TIME WARNER CABLE, INC., et al., | ) | MAGISTRATE JUDGE LIMBERT |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS,
TRANSFER THE CASE TO THE SOUTHERN DISTRICT OF OHIO,
OR STAY THE CASE AND FOR SANCTIONS**

Defendants Time Warner Cable Inc., Charter Communications, LLC, and TWC Administration LLC (collectively "Defendants"), by and through their undersigned counsel, respectfully move pursuant to 28 U.S.C. § 1404(a) and/or the "first-to-file" rule and Federal Rule of Civil Procedure 12(b)(3) for an Order (a) dismissing this case with prejudice; (b) transferring this case to the Southern District of Ohio for consolidation with Howard et al. v. Time Warner Cable Inc., et al., No. 2:16-cv-01129 (S.D. Ohio November 29, 2016) ("Howard"), which seeks relief for the same putative class on the same theory; or (c) staying this case until Howard is resolved.  In addition, Defendants request that the Court order Plaintiffs and/or their counsel to satisfy the excess costs, expenses, and attorneys' fees incurred as a result of their conduct.

CO\5579459.1

Defendants' argument and legal support are set forth in their Memorandum in Support, below.

Respectfully submitted,

**ICE MILLER, LLP**

By:  */s/ James E. Davidson*
     James E. Davidson (0024534)
     Catherine L. Strauss (0072980)
     250 West Street
     Columbus, OH 43215
     Telephone: 614.462.2700
     Facsimile:  614.462.5135
     james.davidson@icemiller.com
     catherine.strauss@icemiller.com

*Attorneys for Defendants*

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS,
TRANSFER THE CASE TO THE SOUTHERN DISTRICT OF OHIO,
<u>OR STAY THE CASE AND FOR SANCTIONS</u>**

Through the filing of this lawsuit, Plaintiff Markia Sims and the opt-ins to this case

("Plaintiffs") are blatantly forum shopping and circumventing a stay order entered into by Judge

Algenon Marbley in <u>Howard et al. v. Time Warner Cable Inc., et al.</u>, No. 2:16-cv-01129 (S.D.

Ohio November 29, 2016) ("<u>Howard</u>").  The case *sub judice* is the exact same lawsuit as

<u>Howard</u>.  It is against the exact same defendants, alleging the exact same causes of action under

the exact same legal theory, and entirely under the representation of the exact same attorneys

(The Lazzaro Law Firm, LLC).  Indeed, Plaintiffs and those who opted in to this lawsuit filed

consents to opt in to <u>Howard</u> just months ago.  Unsatisfied with that Court's Order staying

conditional certification briefing and all discovery, Plaintiffs attempted to split up the class,

withdrew their consent forms and are attempting a brazen end-around to Judge Marbley's stay

order.  This is grossly improper.

Pursuant to the "first-to-file" rule and/or 28 U.S.C. § 1404(a), this case should either: (a)

be dismissed; (b) transferred to the Southern District of Ohio for consolidation with <u>Howard</u>,

which seeks relief for the same putative class on the same theory; or (c) stayed until <u>Howard</u> is

resolved.  And in connection with their clear litigation abuse, the Court should exercise its

inherent discretion afforded by 28 U.S.C. § 1927 and require Plaintiffs and/or their counsel to

satisfy the excess costs, expenses, and attorneys' fees incurred because of their conduct.

## <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

**A.**     **<u>Plaintiffs and Their Counsel Already Filed The Same Case in the S.D. Ohio.</u>**

On November 29, 2016, Daylon Howard and Tracy Dewald filed a collective and class

action Complaint against Time Warner Cable Inc., Charter Communications, LLC, and TWC

- 3 -

Administration LLC.  Howard et al. v. Time Warner Cable Inc., et al., No. 2:16-cv-01129 (S.D. Ohio Nov. 29, 2016), at DKT # 1.  By consent of the parties, on February 1, 2017, Howard and Dewald filed a substantially similar Amended Complaint.  Id., DKT # 35, attached as **Exhibit A**.

Howard is introduced as

> A "collective action" instituted by Plaintiffs as a result of Defendants' practices and policies of not paying its hourly, non-exempt employees, including Plaintiffs and other similarly situated employees, for all hours worked, in violation of the [FLSA], as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act….

Id., ¶ 1.  Howard and Dewald are former Inbound Sales Representatives ("ISRs") who allege that they and other similarly-situated employees were

> required by Defendants to perform unpaid work before clocking in each day, including, but not limited to, starting, booting up, and logging into Defendants' computer systems, numerous software applications, and phone systems.  Booting up and logging into the computer systems and numerous software applications required entering unique and frequently changing passwords for each of the numerous programs.

Id., ¶ 24.  The lawsuit filed by Howard and Dewald sought to represent an FLSA collective class of

> All former and current inbound sales representatives employed by Time Warner Cable Inc., Charter Communications, LLC and/or TWC Administration LLC nationwide, in a Time Warner Call Center, who worked over 40 hours in one or more workweeks at any time between November 29, 2013 and the present.

Id., ¶ 39.  Howard and Dewald's lawsuit, when filed, sought to represent an Ohio class of

> All former and current inbound sales representatives employed by Time Warner Cable Inc., Charter Communications, LLC and/or TWC Administration LLC in the State of Ohio, in a Time Warner Call Center, who worked over 40 hours in one or more workweeks at any time between November 29, 2013 and the present.

CO\5579459.1

Id., ¶ 43.  Plaintiff Markia Sims opted into Howard the same day it was filed.  No. 2:16-cv-01129 (S.D. Ohio November 29, 2016), at DKT # 2.  Indeed, with one exception, every individual who has opted into this lawsuit previously opted into Howard.  Id., DKT ## 2, 11, 15, 18, 43, 47.

The same Defendants named in this case have already been extensively defending the same claims in Howard.  On January 6, 2017, Defendants in Howard—the exact same Defendants as here—filed, *inter alia*, a Motion to Dismiss and Compel Arbitration as to Daylon Howard.  Id., DKT # 24.  Thereafter, on February 1, 2017, the Howard plaintiffs filed a Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs.  That motion requested conditional certification of a class that entirely encompasses the class defined in this case.  Id., DKT # 37.  On February 8, 2017, the Howard court held a Preliminary Pre-Trial Conference.  The court determined at that Preliminary Pre-Trial Conference that Plaintiffs' Motion for Conditional Certification should be stayed while threshold issues were addressed concerning certain members of the class.  Id., DKT # 38.

Unsatisfied with the Court's Order, just a few days later, the Howard plaintiffs asked the Court to lift the stay.  Id., DKT # 40.  The Court denied the Motion *sua sponte* the following day, Id., DKT # 41, noting that Defendants' pending Motion to Dismiss and Compel Arbitration has the potential to impact the scope of discovery significantly in this case.  Id.

Defendants also filed a Motion for Summary Judgment as to Plaintiff Tracy Dewald on April 7, 2017, arguing that Dewald was exempt pursuant to the Retail Sales Exemption of the FLSA, § 207(i). DKT # 49.  In response to Defendants' Motion for Summary Judgment, Plaintiffs sought a stay of adjudication pursuant to FRCP 56(d).

While these motions and Judge Marbley's stay was pending, Plaintiffs, by and through the Howard counsel, commenced a series of filings to split the Howard claims and the Howard

- 5 -

parties and shop for a new forum.  On May 4, 2017, Sims withdrew her consent to opt in to

<u>Howard</u>, and filed this lawsuit.  DKT # 51.

**B.**      **The Present Case Is The Same As *Howard*.**

On May 5, 2017, Sims, by and through the same counsel representing the parties in

<u>Howard</u>, filed an Amended Complaint[1] seeking a collective and class action against Time

Warner Cable Inc., Charter Communications, LLC, and TWC Administration LLC.  DKT # 3.

The Amended Complaint is nearly a carbon copy of <u>Howard</u>.  Like <u>Howard</u>, this case is

introduced as

> A "collective action" instituted by Plaintiff as a result of Defendants' practices
> and policies of not paying its hourly, non-exempt employees, including Plaintiffs
> and other similarly situated employees, for all hours worked, in violation of the
> [FLSA], as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy
> violations of the Ohio Minimum Fair Wage Standards Act….

<u>Id.</u>, ¶ 1.  Like the <u>Howard</u> plaintiffs, Sims is a former ISR, alleging that she and other similarly-

situated employees were

> required by Defendants to perform unpaid work before clocking in each day,
> including, but not limited to, starting, booting up, and logging into Defendants'
> computer systems, numerous software applications, and phone systems. Booting
> up and logging into the computer systems and numerous software applications
> required entering unique and frequently changing passwords for each of the
> numerous programs.

<u>Id.</u>, ¶ 22.  Critically, the FLSA and Ohio classes Sims seeks to represent were wholly

encompassed by the <u>Howard</u> litigation and subject to a pending Motion for Conditional

---

[1] Defendants note that Plaintiff and her counsel did **not** indicate this lawsuit would be a Rule 23 class action on the Civil Cover Sheet filed the day before.  DKT # 1.

Certification.  <u>Compare</u> **Ex. A**, ¶¶ 39, 43, <u>with</u> DKT # 3, ¶¶ 37, 41.[2]  Indeed, with minor revisions, Sims's Motion for Conditional Certification is nearly identical to <u>Howard's</u>.

## <u>ARGUMENT</u>

There is no legitimate explanation for Plaintiffs' conduct.  The chronology of events clearly evidences that Plaintiffs are attempting to circumvent the orders issued by Judge Marbley in the Southern District of Ohio and shop for a new forum.  This grossly inappropriate conduct, unnecessary duplication of proceedings, and disregard for the authority of the court should be appropriately addressed in the interest of justice.

**A.**     <u>**This Lawsuit Should be Dismissed or Transferred Pursuant to the First-to-File Rule.**</u>

"Under the first-to-file rule, an action involving similar parties and issues filed previously in another federal court should generally proceed to judgment and the latter-filed suit should be stayed, dismissed, or transferred."  <u>Watson v. Jimmy John's, LLC</u>, No. 2:15-cv-768, 2015 WL 4132553, at \*2 (S.D. Ohio July 8, 2015) (citing <u>Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs.</u>, Inc., 16 Fed. App'x 433, 437 (6th Cir. 2001)).  "This rule exists to promote principles of judicial comity and economy."  <u>Id.</u> (citing <u>Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.</u>, 511 F.3d 535, 551 (6th Cir. 2007); <u>Greene v. Ab Coaster Holdings, Inc.</u>, Nos. 2:10–cv–38 & 2:10–cv–234, 2010 WL 3119399, at \*3 (S.D. Ohio Aug. 6, 2010)).

---

[2] Weeks after filing the instant lawsuit, class counsel in <u>Howard</u> withdrew their Motion for Conditional Certification and attempted to amend their Complaint in order to carve out the parties who have now opted into Sims.  <u>Howard</u>, DKT # 56-57.  The Court, however, has not approved the <u>Howard</u> plaintiffs' request to file an amended complaint.  Therefore, at the time of this briefing, the <u>Sims</u> class remains fully encompassed by the complaint presiding over <u>Howard</u>.  In any event, even if the <u>Howard</u> Court were to grant Plaintiffs' Motion for Leave to amend their <u>Howard</u> complaint, it does not cure the impropriety of Plaintiffs' forum shopping and circumvention of Judge Marbley's <u>Howard</u> rulings, or appropriately address the pursuit of duplicative proceedings for the same claims.

In applying this rule, courts consider three factors:  (1) the chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues at stake.  Sandusky Wellness Ctr., LLC v. DrFirst.com, Inc., No. 3:12-cv-2261, 2012 WL 6732636, at *2 (N.D. Ohio Dec. 28, 2012) ("Sandusky").  See also Watson, 2015 WL 4132553, at *2.  The crucial inquiry is whether the parties and issues "substantially overlap."  Id.

This lawsuit substantially overlaps with Howard.  Defendants here are the same Defendants in Howard.  This lawsuit was initiated by former Howard opt-in plaintiffs and came only *after* Plaintiff Sims and her counsel were unsatisfied with the Howard Court's Order staying conditional certification briefing and all discovery; it also came *after* Defendants in Howard filed a critical Motion for Summary Judgment.  It is hard to find more similar plaintiffs.  It is even harder to find more similar issues as the operative Complaint in Howard is virtually identical to the case *sub judice*.

This Court's decision in Sandusky is instructive.  There, the plaintiff alleged individual and class claims on behalf of a putative class.  Id. at *2.  An almost identical putative class action was filed against the same defendant seven months earlier in the United States District Court for the Northern District of Illinois.  Id.  The defendant moved to dismiss, stay, or transfer the lawsuit pursuant to the first-to-file rule.  Id.  This Court found that

> Defendant is the only named defendant in both lawsuits, and as a practical matter, the putative classes in both cases are substantially the same, if not identical.  The proposed classes may vary slightly because of the proposed time periods.  Plaintiff's proposed class runs from November 6, 2008 to the present while the Wood Dale proposed class runs from February 3, 2008 through February 28, 2012.  However, the parties need not be identical in the context of a putative class.  Fuller v. Abercrombie & Fitch Stores, Inc., 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005) (internal citations and quotation marks omitted) (finding "little significance" if the "collective classes in each action will ultimately contain different individuals").  In *Fuller*, the court transferred a putative class action complaining of defendant's employment practices to the district in which the first lawsuit was filed, and noted that "if both actions proceed, the same individuals

could receive two opt-in notices for the same claim but in different courts," and "[t]hat such a confusing result could occur evidences that the collective classes are substantially similar." Id. Such is the situation here as well.

This Court also finds that the two cases involve substantially similar, if not the same, issues. In this case as well as Wood Dale, the parties seek redress for themselves and an almost identical putative class based on the alleged receipt of fax advertisements sent by or on behalf of Defendant during nearly the same time periods.

Id. at *2.  As such, this Court granted the defendant's motion to transfer finding it would promote the "just, speedy, and inexpensive determination of every action." Id. at *3.  That holding applies with equal force here.  See also  Watson, 2015 WL 4132553, at *2-4 (granting defendants' motion to transfer a case alleging, *inter alia*, (1) individual and collective FLSA overtime claims and (2) individual and class action Ohio wage law overtime claims, finding that "the core claim is the same—an unpaid overtime FLSA action brought individually by plaintiffs and on behalf of a nationwide class" and that despite some differences in the putative classes, there was "substantial overlap," such that "a decision from this Court would not only tend to frustrate the legitimate aim of preserving judicial economy, as substantially the same evidence would be presented in both actions…but also it poses the possibility of inconsistent opinions.") (internal citations and quotations omitted).

## B.    Transfer of Venue Is Proper Under 1404(a).

In addition to the first-to-file rule, transfer of venue is proper under 28 U.S.C. § 1404. Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. ¶ 1404(a).  The purpose of the transfer is to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and

expense".  Van Dusen v. Barrack, 376 U.S. 612, 616 (1964).  A decision to transfer under §

1404(a) lies within the discretion of the district court.  See Norwood v. Kirkpatrick, 349 U.S. 29,

31–33 (1955); Duha v. Agrium, Inc., 448 F.3d 867, 886 (6th Cir. 2006) (noting that the district

court has broad discretion to adjudicate a motion to transfer).

Defendants must show that (1) Plaintiff could have brought this action in the Southern

District of Ohio and (2) the "case-specific factors, public-interest factors and private concerns"

weigh in favor of transfer.  See  Phelps v. McClellan, 30 F.3d 658, 663 (6th Cir. 1994).  See also

Sirak v. J.P. Morgan Chase & Co., No. 5:08-cv-169, 2008 WL 4845950 (N.D. Ohio Nov. 5,

2008) (citations omitted).  This case meets these requirements.

1.     Plaintiff Could Have Brought This Action in the Southern District of Ohio

Plaintiff's allegations pertaining to jurisdiction and venue, and those in Howard, are

essentially identical.  Compare Ex. A, ¶¶ 2-16, with DKT # 3, ¶¶ 2-14.  It cannot be disputed that

this action could have been brought in the Southern District of Ohio.  In fact, it was brought in

the Southern District of Ohio and remains pending in the Southern District of Ohio.  With a

single exception, Plaintiff Sims and all of those who have filed notices to opt in to this lawsuit

previously agreed to litigate their claims in the Southern District of Ohio under the representation

of Plaintiffs Howard and Dewald.

2.     The Interests of Justice Weigh Strongly in Favor of Transfer

It is clear that the interests of justice warrant transfer of this case back to Judge Marbley

who had already presided over Sims and her claims.  The private and public factors appropriate

for consideration include, but are not limited to, "the relative ease of access to sources of proof;

the availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining

attendance of willing witnesses; the possibility of inspecting the premises, if appropriate; and all

other practical problems that make trial of a case easy, expeditious and inexpensive." U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co, No. 5:10-cv-383, 2011 WL 127852, at *1 (N.D. Ohio Jan. 14, 2011).  Public interest factors also include, but are not limited to, "the pendency of related litigation in another district, judicial economy, the transferee judge's familiarity with the facts and circumstances of the case, and the need to promote the fair and consistent resolution of related cases." Stewart v. Chesapeake Exploration, LLC, No. 2:12-cv-270, 2012 WL 3151255, at *4 (S.D. Ohio Aug. 2, 2012).  Consideration of these factors allows a court to avoid investing "*substantial* time and effort to adjudicate th[e] controversy when even a portion of that labor may be duplicative of the work" already taken by another judge. Fed. Ins. Co. v. CVS Revco D.S., Inc., No. 1:05-cv-1767, 2009 WL 1707898, at *5 (N.D. Ohio June 16, 2009) (emphasis in original).

When weighing these factors, "[n]o one factor is dispositive; rather transfer is appropriate if the balance of these factors weighs 'strongly' in favor of transfer." U.S. ex rel. Kairos Scientia, Inc. v. Zinsser Co, No. 5:10-cv-383, 2011 WL 127852, at *2 (N.D. Ohio Jan. 14, 2011) (citation omitted).  Indeed, "[a] Court need not extensively discuss each of the [aforementioned] factors, but should instead focus its analysis on those factors particularly relevant to a given transfer determination." Id. (citing Krawec v. Allegany Co–Op Insurance Co., 2009 WL 1974413, *4 (N.D. Ohio July 7, 2009)).

Of particular relevance here is the fact that Plaintiff and her counsel filed this lawsuit against the ***exact*** same defendants, alleging the ***exact*** same causes of action under the ***exact*** same legal theory as Howard.  Plaintiff and the majority of opt-ins had previously opted into Howard. Howard is being litigated by the Lazzaro Law Firm, and it wholly encompasses the FLSA and Ohio classes Plaintiff seeks to represent here.  Plaintiff's forum shopping is an obvious attempt

- 11 -

to avoid the Howard Court's Order staying conditional certification briefing and discovery. Thus, transfer is appropriate.  See e.g., Reiser v. RTI Intern. Metals, Inc., 1:08-cv-00729, 2009 WL 1097250, at *2 (S.D. Ohio April 22, 2009) ("…the Court finds that Plaintiff's dismissal of the complaint in the Northern District of Ohio after an adverse ruling and then refiling a virtually identical complaint in this Court constitutes impermissible forum-shopping").

Even if this were not an overt act of forum-shopping (it is), this case still calls for transfer.  "Where a party seeks transfer because related cases are pending in the transferee court, the claims need not be completely duplicative; transfer is supported if the claims present the same "central issue."  Stewart, 2012 WL 3151255, at *4.  "This factor is granted considerable weight: 'the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interests of justice.'"  Pacific Life Ins. Co. v. U.S. Bank Nat'l Assoc., No. 1:15-cv-416, 2016 WL 223683, at *4 ) (quoting Proctor & Gamble Co. v. Team Techs. Inc., No. 1:12-cv-552, 2012 WL 5903126, at *7 (S.D. Ohio Nov. 26, 2012) (quoting In re Volkswagen of Am., Inc., 566 F.3d 1349, 1351 (Fed. Cir. 2009))).  This fully aligns with the ultimate purpose of a transfer:  to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense".  Van Dusen, 376 U.S. at 616.

This case and Howard involve the same issues.  Compare DKT # 3, ¶ 1 with Ex. A, ¶ 1; DKT # 3, ¶ 22 with Ex. A, ¶ 24.   The only distinction between this case and Howard is one without a difference.  Here, Plaintiff seeks to represent

> All former and current Inbound Sales Representatives employed by Time Warner Cable Inc., Charter Communications, LLC and/or TWC Administration LLC nationwide, in a Time Warner Call Center, who: 1) worked over 40 hours in one or more workweeks between May 4, 2014 and the present; 2) did not enter into employment arbitration agreements with Defendants; and 3) did not earn commissions exceeding 50% of their

- 12 -

total compensation in every calendar year between May 4, 2014 and the present.

DKT # 3, ¶¶ 37, 41. As noted above, the alleged classes pending in <u>Howard</u> wholly encompass the classes Plaintiff seeks to represent here. <u>Compare Id.</u>, <u>with</u> **Ex. A**, ¶¶ 24, 39. This case should be transferred to the Southern District of Ohio to "prevent the waste of time, energy and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." <u>Van Dusen</u>, 376 U.S. at 616. <u>See also</u> <u>Leyse v. Bank of America, Nat. Ass'n</u>, No. 3:09-cv-97, 2009 WL 2855713, at * 5 (W.D. N.C. Sept. 1, 2009) ("The overriding concern of this court is the patent waste of judicial resources which has occurred and which will continue to occur unless this action is transferred. With the exception of the name of the plaintiff, an identical cause of action is now pending before a sister federal court and has been underway for a number of years. Clearly, the joint administration of these cases would be more expeditious and economical. This factor is given great weight as this court is not inclined to waste either the parties' resources or those of the taxpayer.")

Defendants anticipate that Plaintiff will claim this lawsuit was filed in conjunction with an effort in <u>Howard</u> to narrow the proposed class to conform to the arguments Defendants raised in their motions. In fact, on May 25, 2017, the <u>Howard</u> plaintiffs attempted to amend their complaint. <u>Howard</u>, DKT # 56. The Motion was denied without prejudice due to the <u>Howard</u> plaintiffs' failure to abide by applicable Local Rules; however, it sought to redefine the class. <u>Id.</u>

This after-the-fact attempt to differentiate the two cases is simple gamesmanship to obfuscate the forum shopping that has already occurred. At the time this lawsuit was filed, and entirely until the eve of Defendants' responsive pleading, <u>Howard</u> fully encompassed these claims. In any event, the attempted amendments in <u>Howard</u> are nothing more than a creation of subclasses of the same claims against the same defendants, which should not be adjudicated in

- 13 -

separate class lawsuits. As evidence of the forum shopping, Plaintiffs have not, and cannot,

explain why (1) Plaintiff Sims was not merely substituted as a Representative Plaintiff in

<u>Howard</u> where she had already opted in, and (2) <u>Howard</u> was not divided into subclasses instead

of two separate lawsuits in two separate District Courts.

In any event, the attempted amendments in <u>Howard</u> do not obviate the necessity of a

transfer. "Where a party seeks transfer because related cases are pending in the transferee court,

the claims need not be completely duplicative; transfer is supported if the claims present the

same "central issue." <u>Stewart</u>, 2012 WL 3151255, at *4. Thus, even if the classes do not fully

overlap, transfer is warranted because the central claims at issue are the same: did Defendants

fail to pay ISRs for all hours worked for starting and logging into computer systems, numerous

software applications, and phone systems, during which they performed work that managers

and/or other agents and/or representatives observed. DKT # 3, ¶ 31; **Ex. A**, ¶ 33.

## C.    <u>The Court Should Exercise its Inherent Authority and/or Discretion Under 28 U.S.C. § 1927 and Impose Costs, Fees and Expenses Related to their Forum Shopping.</u>

The filing of this lawsuit by the Sims and class counsel has unnecessarily caused

Defendants excess attorneys' fees relating to the filing of the present Motion and Memorandum

which were already addressed and pending before Judge Marbley in the Southern District of

Ohio. Such blatant forum shopping is sanctionable under federal statute.

28 U.S.C. § 1927 provides, in pertinent part, that

[a]ny attorney or other person admitted to conduct cases in any court of the
United States or any Territory thereof who so multiplies the proceedings in any
case unreasonably and vexatiously may be required by the court to satisfy
personally the excess costs, expenses, and attorneys' fees reasonably incurred
because of such conduct.

Though simple inadvertence or negligence will not support a sanction under § 1927,

- 14 -

> There must be some conduct on the party of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party….

In re Ruben, 825 F.2d 977, 983 (6th Cir. 1987).

This Court can also impose a wide range of sanctions (including attorney's fees) against attorneys or parties under its inherent power.  Such sanctions are appropriate for "willful disobedience of a court order ... or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons...." Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980).  See also Chambers v. NASCO, Inc., 501 U.S. 32, 46-50 (1991).  "In order to award attorney fees under this bad faith exception, a district court must find that 'the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment.'"  First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 512 (6th Cir. 2002) (quoting Big Yank Corp. v. Liberty Mut. Fire Ins. Co., 125 F.3d 308, 313 (6th Cir. 1997) (quoting Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1375 (6th Cir. 1987))).  But sanctions are not limited to any prescribed set of conduct or facts; the Supreme Court ruled that this inherent power "extends to a *full range of litigation abuses*," Chambers, 503 U.S. at 46 (emphasis added), and as such, the Sixth Circuit permits "the district court to resort to its inherent authority to sanction bad-faith conduct, even if the court has not expressly considered whether such conduct could be sanctioned under all potentially applicable rules or statutes."  Hartford Underwriters Ins. Co., 307 F.3d at 514.  The Sixth Circuit went on to note that "the district court needs the discretion and flexibility to exercise its inherent authority to address various impermissible litigation practices as identified in this Circuit and other Circuits.  Id.  Plaintiffs' and class counsels' blatant forum shopping to avoid adverse rulings in the Southern District of

- 15 -

Ohio is impermissible.  See Id. at 514-515, n. 11-12 (collecting cases awarding attorneys' fees sanctions for impermissible litigation practices).

Even assuming *arguendo* this was nothing more than an attempt to narrow the proposed classes to conform to the arguments Defendants raised in their motions in Howard, there is no explanation as to why (1) Plaintiff Sims was not substituted as a Representative Plaintiff in Howard and (2) Howard was not divided into subclasses instead of two separate lawsuits in two separate District Courts.  And even if the thinly veiled attempt to narrow classes was accepted, Plaintiffs' conduct in filing a Motion for Conditional Certification in this case, while that very motion was stayed by Judge Marbley in the Southern District of Ohio cannot be considered negligent.  It can only be reasonably viewed as a circumvention of Judge Marbley's stay of class briefing.

At the time Plaintiff and class counsel filed its Motion for Conditional Certification in this case, that same motion was pending in Howard, and the Court stayed briefing and adjudication.  In fact, Plaintiffs' counsel filed a motion to lift Judge Marbley's stay, which was denied *sua sponte*.  Only after that denial did Plaintiffs' counsel file this lawsuit and move for the same conditional certification here.

This conduct unreasonably multiplied the litigation by rearguing theories presented to the Southern District of Ohio without informing the Northern District of Ohio that Judge Marbley had that motion before him and stayed those proceedings.  Plaintiffs' and class counsels' conduct "falls short of the obligations owed by a member of the bar to the court," and that firm should satisfy the excess costs, expenses, and attorneys' fees incurred by Defendants as a result thereof.  In re Ruben, 825 F.2d at 983.  See also Faurie v. Berkeley Unified School Dist., 2008 WL 1886011 (N.D. Cal. Apr. 25, 2008) (imposing sanctions under 28 U.S.C. § 1927 due to counsel's

failure to notify court of relevant order from state court prior to removal).  This impermissible

violation of a Court order likewise falls into the "*full range of litigation abuses*," calling for

sanctions under this Court's inherent power."  <u>Chambers</u>, 503 U.S. at 46 (emphasis added).  <u>See</u>

<u>also</u> <u>Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater</u>, 465 F.3d 642 (6th Cir. 2006)

(affirming sanctions against an attorney who "continuous[ly] attempt[ed] to circumvent the

district court's injunction"); <u>Mitan v. Int'l Fidelity Ins. Co.</u>, 23 Fed. Appx. 292, 294-95, 298-99

(6th Cir. 2001) (affirming sanctions against plaintiff whose "history of forum shopping and

abusing the legal process" included failure to respond to three show cause orders); <u>Hartford</u>

<u>Underwriters Ins. Co.</u>, 307 F.3d at 514 (affirming sanctions against plaintiff who used legal

system for improper purpose).

Given the conduct demonstrated here, this Court has the inherent authority to ensure that

these end-runs around another court's authority is not repeated.  Defendants, therefore, request

that this Court dismiss and/or transfer the instant action back to Judge Marbley, and award

Defendants their fees and costs associated with defending this case.

Respectfully submitted,

**ICE MILLER, LLP**

By:   */s/ James E. Davidson*
     James E. Davidson (0024534)
     Catherine L. Strauss (0072980)
     250 West Street
     Columbus, OH 43215
     Telephone: 614.462.2700
     Facsimile:  614.462.5135
     james.davidson@icemiller.com
     catherine.strauss@icemiller.com

*Attorneys for Defendants*

CO\5579459.1

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 1st day of June, 2017, the foregoing was filed using the Court's CM/ECF system and will be served via the Court's CM/ECF filing system, on the following:

> Anthony J. Lazzaro
> Lori M. Griffin
> Chastity Lynn Christy
> 920 Rockefeller Building
> 614 W. Superior Avenue
> Cleveland, OH 44113
> anthony@lazzarolawfirm.com
> lori@lazzarolawfirm.com
> chastity@lazzarolawfirm.com
>
> Attorneys for Plaintiff

*/s/ James E. Davidson*
Attorney for Defendants

CO\5579459.1