# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MARKIA SIMS, on behalf of herself and all others similarly situated, | ) ) | CASE NO. 5:17-cv-947 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER OF TRANSFER** |
| TIME WARNER CABLE INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is defendants' motion to dismiss, to transfer the case to the Southern District of Ohio, or to stay, and for sanctions. (Doc. No. 16 ["Mot."].) Plaintiff has filed an opposition brief (Doc. No. 20 ["Opp'n"]) and defendants have filed a reply (Doc. No. 27 ["Reply"]). For the reasons set forth below, the motion to transfer is granted; in all other respects, the motion is denied.[1]

## I. BACKGROUND

On May 4, 2017, plaintiff Markia Sims ("Sims") filed her complaint against defendant Time Warner Cable Inc. ("TWC") and related corporate entities alleging a violation of the Fair Labor Standards Act ("FLSA") due to failure to pay overtime. (*See* Doc. No. 1.) The next day, she filed her first amended complaint, asserting a "collective action" under the FLSA, as well as a Rule 23 class action, on behalf of herself and others similarly situated. (*See* Doc. No. 3 ["FAC"].)

The FAC gave no indication that on November 29, 2016, a virtually identical lawsuit had been filed by Daylon Howard and Tracy Dewald in the United States District Court for the

---

[1] Plaintiff's motion for conditional certification of the case as a collective action (Doc. No. 8) is denied without prejudice.

Southern District of Ohio ("OHSD") (Case No. 2:16-cv-1129),[2] and that, on the same day, Sims had opted in to that collective action. Over time, in fact, all but one of the plaintiffs who have opted in to the instant case also initially opted in to the OHSD case.

On January 6, 2017, defendants in the OHSD case filed a motion to dismiss and to compel arbitration, asserting that plaintiff Howard had an arbitration clause in his contract with defendants. On February 1, 2017, plaintiffs filed a motion for conditional certification, but the OHSD court stayed briefing on that motion, and all discovery, until the motion to dismiss was first resolved. Plaintiffs unsuccessfully sought to lift the stay on briefing, and the motion to dismiss and/or to compel arbitration has yet to be decided. In addition, on April 7, 2017, defendants filed a motion for summary judgment against plaintiff Dewald, arguing that she was an exempt employee. That motion is also yet to be decided.

Apparently in response to the two dispositive motions, plaintiffs sought leave in OHSD to file an amended complaint to remove the opt-in plaintiffs who are parties to the instant, second-filed, lawsuit.[3] Then, between May 4, 2017 (when the instant case was filed) and May 26, 2017, all but one of the plaintiffs in this case (that one not being a party in the OHSD case) opted *out* of the OHSD case and *in* to this case.

## II. DISCUSSION

In their current motion, brought under 28 U.S.C. § 1404(a) and/or the "first-to-file" rule, as well as under Fed. R. Civ. P. 12(b)(3), defendants argue that plaintiffs, by belatedly attempting

---

[2] Through PACER, the Court has access to the docket and documents in the OHSD case and may take judicial notice of the same.

[3] The OHSD court expedited briefing on that request. The briefing was complete on June 23, 2017, but there has been no ruling to date. It is notable that plaintiffs, in their reply brief in OHSD, highlighted the motion to transfer in the instant case. It is possible that the OHSD court is awaiting a ruling from this Court on transfer, so as not to have rulings that are at cross-purposes.

to split up the collective that they joined in the OHSD case, are blatantly forum-shopping and seeking to circumvent the stay of proceedings in the OHSD court, as well as trying to avoid a possible negative ruling on either or both of the dispositive motions filed there. Defendants argue that plaintiffs conduct is "grossly inappropriate" and will result in "unnecessary duplication of proceedings[.]" (Mot. at 112.[4]) They argue that, although the plaintiffs here have withdrawn their consent in the OHSD, because that court has not yet granted leave to amend the complaint, these plaintiffs remain within the scope of the collective in that action.[5]

Under the "first-to-file" rule, "when actions involving nearly identical parties and issues have been filed in two different district courts, 'the court in which the first suit was filed should *generally* proceed to judgment.'" *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (quoting *Zide Sport Shop of Ohio v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001) (emphasis in original)). The two cases at issue here involve virtually identical parties and issues, notwithstanding plaintiffs' attempt to distinguish them by arguing that plaintiff Howard may be covered by an arbitration clause that does not affect the plaintiffs here, and that plaintiff Dewald may be an exempt employee whereas plaintiffs here are not. This is a weak argument, in light of the fact that plaintiffs, all of whom are represented by the same counsel in both cases, originally chose to opt in to the first-filed OHSD case, apparently satisfied that they belonged in the purported collective and/or Rule 23 class. In addition, it is not uncommon for collectives and/or classes to be divided into sub-groups to accommodate slightly

---

[4] All page number references are to the page identification number generated by the Court's electronic docketing system.

[5] The Court places little stock in that argument because a person is not party to a collective action unless they opt in and thereafter maintain that option. Defendants cite no case law to suggest that an opt-in plaintiff cannot change his or her mind.

differing circumstances of parties. That remains possible in this circumstance and would undoubtedly be considered if properly raised in the transferee court.

Defendants also advance an argument under 28 U.S.C. § 1404(a), that provides for transfer "[f]or convenience of the parties and witnesses, [and] in the interest of justice[.]" The purpose of transfer under this statute "is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964) (quoting *Cont'l Grain Co. v. Barge F.B.L.-585*, 364 U.S. 19, 26, 27, 80 S. Ct. 1470, 4 L. Ed. 2d 1540 (1960)). A defendant must show that the plaintiff could have brought the action in the transferee court and that both public and private interests weigh in favor of transfer. Here, not only *could* plaintiffs have brought this action in the Southern District, they *did*. They only decided to back out and re-file here after it appeared they might be delayed by other matters in that court, matters that might not go in their favor.

This Court has carefully considered the parties' briefs. Defendants have very effectively laid out the arguments in their motion, well supported by case law, and have equally effectively refuted in their reply all the counter-arguments raised in plaintiffs' opposition. This Court need not repeat those arguments at length.

The Court is particularly troubled by the appearance of both forum-shopping and an intent to avoid earlier rulings by another court. The proceedings in the Southern District are not so far advanced that these plaintiffs could not pursue their claims in conjunction with the case management schedule established in the OHSD case. Further, to the extent plaintiffs attempted to distinguish their individual situations from Howard and/or Dewald, any differences can be addressed by way of sub-classes and/or substitution of plaintiffs, should Howard and/or Dewald

4

be eliminated on motion. The Court is concerned that defendants not be subjected to possible conflicting rulings and, equally important, that they not be required to defend identical claims in different jurisdictions. Plaintiffs here, except for one (Amber Moultry), were all originally part of the OHSD case and, therefore, cannot properly argue any sort of inconvenience of forum. Further, given that collective actions are representative and rarely require personal attendance by any opt-in plaintiff, transfer of this case will neither cause hardship for Moultry nor in any way deprive her of her day in court.

The Court concludes that, although it could dismiss this case outright, the interests of justice would be better served through transfer. Therefore, to the extent defendants' motion (Doc. No. 16) seeks transfer, it is granted.

### III. CONCLUSION

For the reasons set forth in defendants' motion and reply brief, generally adopted by this Memorandum Opinion, this case is transferred to the United States District Court for the Southern District of Ohio as being related to Case No. 2:16-cv-1129. It is within the purview of that court to assign this transferred case to a judicial officer as it sees fit.

Although the Court does not condone the inappropriate conduct of plaintiff and plaintiff's counsel here, sanctions will not be awarded. To that extent, therefore, defendants' motion is denied.

**IT IS SO ORDERED**.

Dated: July 19, 2017

_____

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

5